UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LEGUEN-MEJIA, | ) | 4:12CV1000 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Warden, NEOCC, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Jose Leguen-Mejia ("Leguen-Mejia") has filed a petition through counsel for a writ of habeas corpus, under 28 U.S.C. § 2241, regarding his 2009 federal conviction and sentence for conspiracy to smuggle cash in bulk out of the United States.

The petition is based on a single ground:

Petitioner was sentenced in the US District Court for the District of Connecticut on 12-7-2009. Petitioner was arrested on a federal bench warrant on 12-17-2009. Petitioner was not returned to federal jurisdiction until December 5, 2011, at which time he completed an unrelated New Jersey sentence of 8 years incarceration.

(Doc. 1, at 7.) The facts supporting his claim are stated as:

Petitioner was a sentenced federal prisoner who was sentenced in absentia. Petitioner was arrested on a federal bench warrant on December 17, 2009, but was never returned to federal custody until December 5, 2011, upon his completion of a New Jersey sentence of 8

> years that the New Jersey judge ordered to run concurrently to the federal sentence of 30 months incarceration. The federal Bureau of Prisons will not credit petitioner with any time between the arrest on the warrant date of December 17, 2009, and the December 5, 2011, date petitioner was returned to federal custody.

(Doc. 1, at 8.)

Leguen-Mejia seeks relief under Section 2241, specifically,

> Bureau of Prisons to credit against federal sentence of 30 months for time petitioner was incarcerated between December 17, 2009 and December 5, 2011.

(Doc. 1, at 15.) The respondent has filed an opposition (doc. 5) and Leguen-Mejia has filed a reply brief (doc. 6).

Habeas review is available under Section 2241 when an inmate attacks the execution of his sentence, rather than the validity of a conviction and sentence (which is properly brought pursuant to §§ 2254 or 2255). Woody v. Marberry, No. 05-1403, 2006 WL 1083941, at *3 (6th Cir. Apr. 25, 2006); McClain v. Bureau of Prisons, 9 F.3d 503, 504 (6th Cir. 1993) (per curiam) (2241 action challenging credit on sentence for time served).

Leguen-Mejia contends that the Bureau of Prisons ("BOP") erred in not granted him credit against his federal sentence, for the time he was incarcerated by the State of New Jersey, from December 17, 2009, until December 5, 2011, when he was returned to federal custody.

The Attorney General, through the Bureau of Prisons, has responsibility for imprisoning federal convicts, and for calculating any credit to be awarded for "time

served." United States v. Wilson, 503 U.S. 329 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001), cert. denied, 534 U.S. 1149 (2002). After exhausting any administrative remedies, a prisoner is entitled to judicial review of the computations. Wilson, 503 U.S. at 335. Under Section 2241, the court can grant relief when sentencing credits are miscalculated. Woody, 2006 WL 1083941, at *3.

Leguen-Mejia concedes that, although a federal bench warrant was issued[1] on December 17, 2009, he was not in federal custody until December 5, 2011. Instead, at the time officers arrived to carry out the arrest on the bench warrant, a consensual search of his residence resulted in state charges (and subsequent conviction) for possession of a controlled substance and illegal possession of a weapon. Thus, he was incarcerated in New Jersey, from December 17, 2009, until December 5, 2011, when he was returned to federal custody.

In his reply brief, Leguen-Mejia argues "it was error for the federal primary jurisdiction to turn [him] over to New Jersey authorities . . . before [he] was permitted to serve his federal sentence, and receive credit for that federal sentence" before his New Jersey sentence was satisfied. (Doc. 6, at 2.) Although the court would have no jurisdiction under Section 2241 to rule on this issue, it does not appear that there is error involved. This court has noted that, although normally

---

[1] The bench warrant was issued because Leguen-Mejia failed to appear at his sentencing hearing for his conviction of conspiracy to smuggle cash in bulk out of the United States, in violation of 31 U.S.C. § 5332(a)(1) and 18 U.S.C. § 371. Leguen-Mejia was sentenced, in absentia, on Dec. 7, 2009, to thirty months imprisonment on these federal charges.

"the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing and incarceration," that sovereign may elect to relinquish jurisdiction to another sovereign under the doctrine of comity. Cervantes v. Coakley, No. 4:12CV2735, 2013 WL 5507487, at *3 (N.D. Ohio Oct. 2, 2013).

Leguen-Mejia also states that the New Jersey state judge ordered his state sentence "to run concurrently to the federal sentence of 30 months incarceration." As the respondent points out, a state court's order for sentences to run concurrent is not binding on a federal court. (Doc. 5, at 3.)

This court has noted that "courts have uniformly held that a defendant's federal sentence is in no way legally affected if a state chooses to incarcerate the defendant before the federal sentence has commenced to run." Medrano-Arzate v. Rushing, No. 4:10CV1133, 2010 WL 2836767, at *3 (N.D. Ohio July 19, 2010). A federal sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Alexander v. Bureau of Prisons, No. 08-4736, 2011 WL 63603, at *2 (6th Cir. Jan. 10, 2011) (quoting 18 U.S.C. § 3585(a)); Medrano-Arzate, 2010 WL 2836767, at *3. In addition, "the fact that the state court may have directed [a] petitioner's sentence to run concurrent with his federal sentence is not binding on the federal sentence." Medrano-Arzate, 2010 WL 2836767, at *3 (citing Hawley v. United States, 898 F.2d 1513, 1514 (11th Cir. 1990) (per curiam)); see also

4

Eccleston v. United States, No. 10-1525, 2010 WL 3154553, at *2 (3d Cir. Aug. 9, 2010).

Where a federal district court is silent at sentencing as to whether the term of imprisonment is to run concurrently or consecutively to any later imposed sentence, the Sixth Circuit has determined that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Medrano-Arzate, 2010 WL 2836767, at *3 (quoting United States v. Quintero, 157 F.3d 1038, 1040 (6th Cir.1998)). "Thus, the law in this circuit presumes multiple sentences will run consecutively unless expressly ordered otherwise." Medrano-Arzate, 2010 WL 2836767, at *3.

In addition, the BOP queried the federal sentencing court on this issue, which responded that Leguen-Mejia's "state sentence is intended to run consecutive to the federal sentence." (Doc. 1, exh., at [9].) The Supreme Court has confirmed that "a district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." United States v. Stoutermire, No. 12-3524, 2013 WL 821199, at *4 (6th Cir. March 5, 2013) (quoting Setser v. United States, 132 S.Ct. 1463, 1466 (2012)); see also McPartland v. United States, No. 12-3146, 558 Fed. Appx. 640 (6th Cir. March 17, 2014) (Setser held it's within district court's discretion to order federal sentence to run consecutively or concurrently to anticipated state sentence). The Setser Court observed that judges have long had

discretion to select between concurrent and consecutive sentences. Stoutermire, 2013 WL 821199, at *4 (citing Setser, 132 S.Ct. at 1468).

The time during which Leguen-Mejia was incarcerated by the State of New Jersey, December 17, 2009, to December 5, 2011, he was exclusively in state custody, as he implicitly concedes. (Doc. 1, at 7 (not returned to federal jurisdiction until Dec. 5, 2011, after had completed state sentence).) As the BOP properly determined, Leguen-Mejia is not entitled to federal sentence credit for time he spent in state custody, because that time was in service to his state sentence. Woody, 2006 WL 1083941, at *3 (citing Wilson, 503 U.S. at 334); Medrano-Arzate, 2010 WL 2836767, at *3 (citing 18 U.S.C. § 3585(b) (only entitled to credit toward the service of a term of imprisonment "that has not been credited against another sentence")).

The court finds that the BOP did not err in calculating Leguen-Mejia's sentence. The petition should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Nov. 20, 2014                       /s/ Kenneth S. McHargh
                                            Kenneth S. McHargh
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file

objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).