UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

JOSE LEGUEN-MEJIA,  :
 : CASE NO. 4:12-CV-1000
Petitioner, :
 :
v. : OPINION & ORDER
 : [Resolving Docs. 1 & 8]
UNITED STATES OF AMERICA, :
Warden, NEOCC, :
 :
Respondent. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 23, 2012, Jose Leguen-Mejia filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking credit against a federal sentence imposed by the District Court of Connecticut.[1/] This Court referred the petition to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation.

On November 20, 2014, Magistrate Judge McHargh recommended denying the petition.[2/] Petitioner did not file any objections to the Report and Recommendation. The Court **ADOPTS** the Report and Recommendation, and **DENIES** Leguen-Mejia's petition.

## I. Standards

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[3/]

---

[1/] Doc. 1.
[2/] Doc. 8.
[3/] 28 U.S.C. § 636(b)(1).

Case No. 4:12-CV-1000
Gwin, J.

Parties must file any objections to a Report and Recommendation within fourteen days of service.[4/]

Failure to object within that time waives the right to appeal the Magistrate Judge's recommendation.[5/]

Absent objection, a district court may adopt the Magistrate Judge's report without review.[6/]

## II. Analysis

Here, Petitioner has not objected to any portion of Magistrate Judge McHargh's Report and Recommendation. Moreover, having conducted its own review of the record in this case, the Court agrees with the conclusions of Magistrate Judge McHargh.

Leguen-Mejia argues that time he served on a state conviction should be credited to his federal sentence. But the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons ("BOP").[7/] The BOP did not abuse its discretion in failing to award federal sentence credit for the time Leguen-Mejia spent in state custody because 18 U.S.C. § 3585(b) only allows credit for time "that has not been credited against another sentence."[8/]

Furthermore, the BOP even asked the federal sentencing court whether the state and federal sentences were intended to run concurrently or consecutively. The sentencing court responded that the "state sentence is intended to run consecutive to the federal sentence."[9/] Even if the sentencing court had been silent, "[m]ultiple terms of imprisonment imposed at different times run consecutively

---

[4/] N.D. Ohio L.R. 72.3(b).
[5/] *Id.*; *see* Thomas v. Arn, 474 U.S. 140, 145 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).
[6/] *Thomas*, 474 U.S. at 149.
[7/] 18 U.S.C. § 3585(b); *see* United States v. Wilson, 503 U.S. 329, 333 (1992).
[8/] 18 U.S.C. § 3585(b); *see* Woody v. Marberry, 178 F. App'x 468, 471 (6th Cir. 2006).
[9/] Doc. 1-2 at 9; *see* Setser v. United States, 132 S.Ct. 1463, 1468 (2012) (holding it within a district court's discretion to order that a federal sentence run consecutively to an anticipated state sentence).

-2-

Case No. 4:12-CV-1000
Gwin, J.

unless the court orders that the terms are to run concurrently."[10] Thus, the BOP did not err in calculating Leguen-Mejia's prison sentence.

Accordingly, the Court **ADOPTS** Magistrate Judge McHargh's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court **DENIES** Leguen-Mejia's habeas petition.

IT IS SO ORDERED.

Dated: January 14, 2015                             s/   *James S. Gwin*
                                                                                         JAMES S. GWIN
                                                                                         UNITED STATES DISTRICT JUDGE

---

[10] 18 U.S.C. 3584(a).